Rowland v. Cowan.

No. 19,556.

ROSA L. ROWLAND, *Appellee*, v. R. R. COWAN and
MINNIE M. COWAN, *Appellants*.

SYLLABUS BY THE COURT.

EXCHANGE OF PROPERTY—*Land for Worthless Securities—Decree for Rescission Not Inequitable.* The trial court having from conflicting evidence fairly found that the defendant had procured the plaintiff's real estate by exchanging therefor worthless securities represented to be good, the decree that' the defendant reconvey upon payment to him of what he had expended for improvements and a return of such securities, or pay plaintiff such sum and have the title quieted, was not inequitable as to the defendant.

Appeal from Chautauqua district court; ALLISON T. AYRES, judge. Opinion filed June 12, 1915. Affirmed.

*J. E. Brooks*, and *C. O. Buckles*, both of Sedan, for the appellants.

*J. D. McBrian, J. A. Ferrell*, and *W. H. Sproul*, all of Sedan, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued to recover a small piece of residence property which she appears to have traded to the defendant for a note and mortgage on some Texas land. She claims in substance that the note was represented by the defendant to be good and well secured, and that under the agreement made between the parties it was to be left in the bank along with her deed until paid; that the note and mortgage turned out to be worthless, and the defendant wrongfully procured the deed and put it on record.

The defendant had a different theory of the case, and offered testimony in support thereof, but there was sufficient evidence to justify the jury in believing that the note and mortgage were absolutely worthless, and hence that the plaintiff had nothing whatever of

value in return for her property, and there was also evidence justifying the conclusion that the defendant had procured the deed before he was entitled to it under the agreement.

It appeared that the defendant had placed improvements to the amount of $350 on the property, and the court decided to quiet title in him upon payment by him to the plaintiff of $350 within sixty days, or that the defendant could, at his election, require the plaintiff to pay him $350 upon his reconveyance and the return to him of the note and mortgage; also that the costs be divided.

The various assignments of error discussed in the brief have been considered, but an examination of the abstract fails to disclose anything materially prejudicial, and in view of the evidence the decision of the court appears to be as favorable to the defendant as he has any right to claim.

The judgment is therefore affirmed.